IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DUSTIN WILLIAMSON,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | NO. 5:25-CV-00031-MTT-CHW |
| **VS.** | : | |
| | : | |
| **Captain SHAKERIA SMITH,** *et al.*, | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| **Defendant** | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |
| _____ | | |

### ORDER

*Pro se* Plaintiff Dustin Williamson, a prisoner at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed this complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has also filed a motion to proceed *in forma pauperis* (ECF No. 2) and a motion for the appointment of an attorney (ECF No. 3).

### MOTION TO PROCEED *IN FORMA PAUPERIS*

As it appears that Plaintiff is unable to pay the full cost of commencing this action, his motion to proceed *in forma pauperis* (ECF No. 2) is hereby **GRANTED**. However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

A review of Plaintiff's account certification shows that for the previous six months prior to the filing of his suit, Plaintiff had total deposits in his account of $320.00. ECF No. 2-1 at 2. Therefore, the average monthly deposits into his account for six months is $53.33. Twenty percent of this average monthly deposit amount is $10.67. **Accordingly, if Plaintiff wishes to proceed with this action, he must pay an initial partial filing fee of $10.67.**

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below. It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee

is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

While Plaintiff's custodian is ordered to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBLITY** to pay the initial partial filing fee. Thus, Plaintiff must make arrangements with the appropriate incarceration official to ensure that the initial partial filing fee is paid in accordance with this Order. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required initial partial filing fee to the Clerk of Court.

### MOTION FOR THE APPOINTMENT OF AN ATTORNEY

Plaintiff has moved the Court to appoint him an attorney. ECF No. 3. As this is

Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).  Appointment of counsel is a privilege that is justified only by exceptional circumstances.  *Id*.  In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented.  *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential factual allegations underlying his claims, and that the applicable legal doctrines are readily apparent.  As such, Plaintiff's Motion for Appointment of Counsel is **DENIED**.  Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time.  Consequently, there is no need for Plaintiff to file additional requests for counsel.

## CONCLUSION

In conclusion, as set forth above, Plaintiff's motion for the appointment of counsel (ECF No. 3) is **DENIED**.  Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of $10.67.  Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

4

required initial partial filing fee to the Clerk of Court.  Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.

There shall be **no service** in this case until further Order of the Court and Plaintiff shall keep the Court informed of any future address change.  Failure to do so may result in dismissal of this action.

**SO DIRECTED and ORDERED**, this 13th day of February, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge