IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DUSTIN WILLIAMSON,** | : | |
| | : | |
| Plaintiff | : | |
| | : | NO. 5:25-CV-00031-MTT-CHW |
| VS. | : | |
| | : | |
| Captain **SHAKERIA SMITH**, *et al.*, | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| Defendant | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER

*Pro se* Plaintiff Dustin Williamson, a prisoner at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed this complaint under 42 U.S.C. § 1983. ECF No. 1. He also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2) which was granted with the provision that he pay a partial initial filing fee (ECF No. 5). Plaintiff paid that fee. Thus, this complaint is ripe for preliminary review. Upon such a review, Plaintiff may proceed with his Eighth Amendment excessive force claims against Defendants for further factual development. Plaintiff may also proceed with his First Amendment claims of retaliation against Defendants for further factual development.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.   Standard of Review

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints

filed by a plaintiff proceeding *in forma pauperis*. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words,

the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II. <u>Plaintiff's Allegations</u>

Plaintiff's claims arise from his incarceration in the Special Management Unit at Georgia Diagnostics & Classifications Prison. ECF No. 1 at 5. Plaintiff complains that on February 5, 2024, Defendant Captain Smith "started punching over and over with both her fist in my head side of my face and back of my neck [and] all I could do was try and turn my face away because I was handcuffed behind my back and could not defend myself." *Id*. Plaintiff complains that he was then taken to medical where he was "punched in the

3

face several time[s] by Lieutenant Hollaway while being held by Officer Graves and Officer Brown." *Id*. at 5 and 7.

Plaintiff states on April 12, 2024, he was approached by Defendant Smith who told him that she read his mail and stated, "I got something for you." *Id*. at 7. Plaintiff alleges that later that same day, Defendants Hollaway and Justin Graves called him to his cell door and sprayed him in the face with pepper spray. *Id*. at 7. Plaintiff complains that they then laughed and teased him. *Id*. When he was later escorted to medical, Captain Smith stated, "I told you I had something for you". *Id*. at 8. Plaintiff alleges that Lieutenant Hollaway then told Officer Graves "to make sure [Plaintiff's] handcuffs are on good" and that Graves tightened both sides of Plaintiff's handcuffs so tightly that Plaintiff "holler out in pain because it hurts really bad." *Id*. Plaintiff states that he was further verbally harassed by Defendants Hollaway and Smith as well as threatened with writeups and loss of privileges. *Id*. Plaintiff further alleges that Defendant Hollaway then slapped him in the face and grabbed him by the throat, squeezing his windpipe so that he could not breathe. *Id*. Plaintiff states that Defendant Hollaway stopped choking him when a nurse walked into the room. *Id*.

Plaintiff alleges that on May 23, 2024, he was again slapped in the face, held by his neck, and sprayed with pepper spray by Defendant Hollaway while Plaintiff was handcuffed. *Id*. at 9. Plaintiff states that when he was later taken to medical, he was further beaten by Defendants Justin Thomas and Graves, resulting in black eyes and a swollen jaw. *Id*. at 9-10. Plaintiff alleges that Defendant Thomas told him, "the next

4

time you think about filing a grievance or anything else to do with my captain remember this and if file something else on her we are going to do this all over again." *Id*. at 10. Plaintiff seeks damages and injunctive relief.[1]  *Id*. at 6.

   III.   Plaintiff's Claims

   A.   Excessive Force Claims

Claims of excessive force in the context of those incarcerated following conviction are governed by the Eighth Amendment's "cruel and unusual punishment" standard. *Whitley v. Albers*, 475 U.S. 312, 317-21 (1986).  Eighth Amendment excessive force claims have both an objective and subjective component, and the plaintiff has the burden of establishing both.  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).  To satisfy the subjective prong, the plaintiff must demonstrate that the defendant acted with a malicious and sadistic purpose to inflict harm.  *Id*. at 6.  To satisfy the objective prong, the plaintiff must show that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation."  *Id*. at 8 (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)).

The key inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 7).  When the use of force is malicious

---

[1] As injunctive relief Plaintiff asks that the Defendants be "relieved of their duties for the Department of Corrections." ECF No. 1 at 6. District courts do not have authority, however, to intercede in or otherwise terminate the employment of any state prison employee. *See Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir.), cert. denied, 438 U.S. 915 (1978); *Bush v. Camp*, 1:11–CV–64, 2011 WL 2457909 at * 2 n.1 (M.D. Ga. May 23, 2011). The matter of which officers should be employed by the Georgia Department of Corrections is strictly for the Georgia Department of Corrections to determine.

or sadistic, "contemporary standards of decency always are violated . . . whether or not significant injury is evident." *Id*. (ellipses in original) (quoting *Hudson*, 503 U.S. at 9). "In determining whether the force was applied maliciously and sadistically to cause harm, courts consider: 'a) the need for the application of force; b) the relationship between the need and the amount of force that was used; c) the extent of the injury inflicted upon the prisoner; d) the extent of the threat to the safety of staff and inmates; and e) any efforts made to temper the severity of a forceful response.'" *Bowden v. Stokely*, 576 F. App'x 951, 953 (11th Cir. 2014) (per curiam) (quoting *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009)).

Plaintiff alleges that Defendants Smith, Hollaway, Thomas, and Graves have each physically assaulted him on different occasions. ECF No. 1 at 5-10. He further indicates that these assaults were not "a good-faith effort to maintain or restore discipline" but were instead carried out for the malicious purpose of causing Plaintiff physical harm. *See id*.; *Wilkins*, 559 U.S. at 37. Plaintiff's Eighth Amendment claims against these Defendants for use of excessive force can proceed for further factual development.

    B.    <u>Retaliation Claims</u>

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). Thus, a prisoner litigant may state a claim for retaliation by alleging that (1) he engaged in constitutionally protected speech, (2) he suffered an adverse action likely to "deter a person of ordinary firmness from engaging in such speech," and (3) there was a

causal relationship between the speech and the retaliatory action. *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008). "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of his First Amendment rights." *Bennett v. Hendrix*, 423 F.3d 1247, 1254 (11th Cir. 2005). In this regard, a plaintiff does not have to show that his own exercise of his rights has been chilled, only that a jury could find that the acts would chill a person of ordinary firmness. *Id.* at 1254-55. In *Pittman v. Tucker*, 213 F. App'x 867, 868 (11th Cir. 2007) (per curiam), for example, the plaintiff alleged that prison officers threatened him with physical violence to deter him from filing grievances. One of the officers threatened that "something drastic" would happen if Plaintiff continued to file grievances. *Id.* at 870. The Eleventh Circuit held that "a reasonable jury could find that the threat, if made, was sufficient to deter a person of ordinary firmness from filing additional grievances" because the person who made it "held a position of significant authority and his job involved reviewing grievances." *Id.* at 871.

In this case, Plaintiff alleges that after he put in a research request to the law library about protecting himself from Defendant Smith and the cert team, Defendant Smith advised him that she read his request and threatened him, stating "I got something for you." ECF No. 1 at 7. Plaintiff alleges that he was physically assaulted by Defendants Smith, Hollaway, Graves, and Thomas to keep him from complaining about Defendant Smith and to deter him from filing grievances. *Id*. at 7-10. These allegations are sufficient for Plaintiff to proceed with his First Amendment claims of retaliation against the Defendants.

7

IV.   Conclusion

Based on the foregoing, Plaintiff may proceed for further factual development of his Eighth Amendment excessive force claims and his First Amendment retaliation claims as to all Defendants.

## ORDER FOR SERVICE

As Plaintiff has made colorable constitutional violation claims against Defendants Lieutenant Demarcus Hollaway, Captain Shakeria Smith, Sergeant Justin Thomas, and CO II Kenneth Graves, it is **ORDERED** that service be made on the Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.   Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as

hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with

his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such

requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED**, this 23rd day of April, 2025.

                                              s/ Charles H. Weigle
                                              Charles H. Weigle
                                              United States Magistrate Judge